**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| TELECOMMUNICATION SYSTEMS, INC., | ) |
|        Plaintiff, | ) Civil Action No. 2:14-cv-1103 |
| v. | ) JURY TRIAL DEMANDED |
| CASSIDIAN COMMUNICATIONS, INC., and AIRBUS DS COMMUNICATIONS, INC. | ) |
|        Defendants | ) |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff TeleCommunication Systems, Inc. ("TCS"), for its Complaint against Defendants Cassidian Communications, Inc. ("Cassidian") and Airbus DS Communications, Inc. ("Airbus DSC"), alleges as follows:

**THE PARTIES**

1. Plaintiff TCS is a Maryland corporation with a principal place of business at 275 West Street, Suite 400, Annapolis, Maryland 21401, and is a publicly traded company (NASDAQ:TSYS).

2. Plaintiff TCS is a leading provider of mission-critical wireless data solutions to carriers, enterprise and government customers, including those residing in this judicial district.

3. Plaintiff TCS's wireless data offerings include location-based Enhanced 9-1-1 services and messaging and location service infrastructure for wireless operators, real-time

market data and alerts for financial institutions, mobile asset management and mobile office solutions for enterprises, and encrypted satellite communications for government customers.  A company driven by innovation, Plaintiff TCS has been granted over three hundred (300) U.S. Patents.

4. Defendant Cassidian, according to pleadings filed in this judicial district in the matter of *Cassidian Communications, Inc. v. Jolly*, Civ. No. 4:13-cv-464 on August 14, 2013, is a wholly-owned subsidiary of EADS North America Holdings, Incorporated, which is a wholly-owned subsidiary of European Aeronautic Defence and Space Company EADS N.V., which is a publicly traded company.

5. Upon information and belief, Defendant Cassidian is a California corporation with its principal place of business at 42505 Rio Nedo, Temecula, California  92590.

6. Upon information and belief, at some time in August of 2014, Defendant Cassidian changed its name to Airbus DS Communications, Inc. ("Airbus DSC").  Upon further information and belief, Defendant Airbus DSC is owned by Airbus Defense and Space Holdings of Herndon, Virginia.  As of the filing date of this action, Defendant Cassidian no longer has an active home page, but its products and services are now found on the home page of Airbus DS Communications (http://www.airbus-dscomm.com).

7. Upon information and belief, under either the "Cassidian" name or the "Airbus DS Communications" name, Defendants Cassidian and Airbus DSC sell products and provide services to the Enhanced 9-1-1 community.

## JURISDICTION AND VENUE

8. This action arises under the patent laws of the United States, 35 U.S.C. §§ 100, *et seq.* and this Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1338(a).

9. Defendants Cassidian and Airbus DSC are subject to personal jurisdiction in this State, by *inter alia*, purposefully availing themselves of the privilege of conducting business activities within Texas, which activities, upon information and belief, use systems, or perform methods that infringe one or more claims of United States patents owned by Plaintiff TCS, causing injury in Texas.

10. Venue is proper in the Eastern District of Texas pursuant to 28 U.S.C. §§ 1391(b), 1391(c) and 1400(b) because Defendants Cassidian and Airbus DSC are subject to personal jurisdiction in this judicial district.

## FACTUAL BACKGROUND

11. TCS is the sole owner of all rights, title and interest in and to United States Patent No. 8,681,946 ("the '946 patent"), entitled "Mobile Automatic Location Identification (ALI) For First Responders," issued to Richard Dickinson on March 25, 2014.  A copy of the '946 patent is attached hereto as Exhibit 1.

12. Upon information and belief, Defendants Cassidian and Airbus DSC make, use, sell, and/or offer for sale products and/or services which use the products, systems and/or methods described in the claims of the '946 patent.  An example of such would include Cassidian's (and/or Airbus DSC's) "Call-to-Car" application.

13. TCS is the sole owner of all rights, title and interest in and to United States Patent No. 6,940,950 ("the '950 patent"), entitled "Enhanced E911 Location Information Using Voice

Over Internet Protocol (VOIP)," issued to Richard Dickinson, Roger Marshall, and Steven P. Helme on September 6, 2005.  A copy of the '950 patent is attached hereto as Exhibit 2.

14. Upon information and belief, Defendants Cassidian and Airbus DSC make, use, sell, and/or offer for sale products and/or services which use the products, systems and/or methods described in the claims of the '950 patent.  An example of such would include Cassidian's (and/or Airbus DSC's) "Vesta/Sentinel 4" NG911 solutions.

15. TCS is the sole owner of all rights, title and interest in and to United States Patent No. 7,903,791 ("the '791 patent"), entitled "Enhanced E911 Location Information Using Voice Over Internet Protocol (VOIP)," issued to Richard Dickinson, Roger Marshall, and Steven P. Helme on March 8, 2011.  A copy of the '791 patent is attached hereto as Exhibit 3.

16. Upon information and belief, Defendants Cassidian and Airbus DSC make, use, sell, and/or offer for sale products and/or services which use the products, systems and/or methods described in the claims of the '791 patent.  An example of such would include Cassidian's (and/or Airbus DSC's) "Sentinel ESC1000 Controller" product.

17. TCS is the sole owner of all rights, title and interest in and to United States Patent No. 8,149,997 ("the '997 patent"), entitled "Protocol Converting 9-1-1 Emergency Messaging Center," issued to Todd Poremba on April 3, 2012.  A copy of the '997 patent is attached hereto as Exhibit 4.

18. Upon information and belief, Defendants Cassidian and Airbus DSC make, use, sell, and/or offer for sale products and/or services which use the products, systems and/or methods described in the claims of the '997 patent.  An example of such would include Cassidian's (and/or Airbus DSC's) "Vesta/Sentinel 4" NG911 solutions.

19. TCS is the sole owner of all rights, title and interest in and to United States Patent No. 7,458,184 ("the '184 patent"), entitled "Location Based Messaging," issued to Sunit Lohtia on December 2, 2008. A copy of the '184 patent is attached hereto as Exhibit 5.

20. Upon information and belief, Defendants Cassidian and Airbus DSC make, use, sell, and/or offer for sale products and/or services which use the products, systems and/or methods described in the claims of the '184 patent. An example of such would include Cassidian's (and/or Airbus DSC's) "Vesta SMS" product.

## COUNT I – INFRINGEMENT OF THE '946 PATENT

21. Plaintiff TCS incorporates paragraphs 1-20 by reference as if fully set forth below.

22. Cassidian and/or Airbus DSC have infringed, directly, or indirectly by contributory infringement or inducement to infringe, one or more claims of the '946 patent through, among other activities, the manufacture, use, importation, sale and/or offer for sale of products, services, methods, and technology claimed in the '946 patent. In particular, at least claim 1 is infringed by Cassidian's "Call-to-Car" solution that allows a citizen to interact all the way out to a police unit in the field involving a 911 dispatch center. The claims of the '946 patent are either literally infringed and/or infringed under the doctrine of equivalents. These actions by the defendants are in violation of 35 U.S.C. § 271.

23. Defendants' infringement has injured TCS and TCS is entitled to recover damages adequate to compensate it for such infringement, but in no even less than a reasonable royalty.

24. Defendants' infringement has injured and will continue to injure TCS, unless and until this Court enters an injunction prohibiting further infringement and, specifically, enjoining

further manufacture, use, importation, offers for sale and/or sale of infringing products and services that fall within the scope of any of the claims of the '946 patent.

### COUNT II – INFRINGEMENT OF THE '950 PATENT

25. Plaintiff TCS incorporates paragraphs 1-24 by reference as if fully set forth below.

26. Cassidian and/or Airbus DSC have infringed, directly, or indirectly by contributory infringement or inducement to infringe, one or more claims of the '950 patent through, among other activities, the manufacture, use, importation, sale and/or offer for sale of products, services, methods, and technology claimed in the '950 patent.  In particular, at least claim 1 is infringed by Cassidian's "Vesta/Sentinel 4" NG911 solution that combines session initiation protocol (SIP) call handling with advanced call control technologies.  The claims of the '950 patent are either literally infringed and/or infringed under the doctrine of equivalents.  These actions by the defendants are in violation of 35 U.S.C. § 271.

27. Defendants' infringement has injured TCS and TCS is entitled to recover damages adequate to compensate it for such infringement, but in no even less than a reasonable royalty.

28. Defendants' infringement has injured and will continue to injure TCS, unless and until this Court enters an injunction prohibiting further infringement and, specifically, enjoining further manufacture, use, importation, offers for sale and/or sale of infringing products and services that fall within the scope of any of the claims of the '950 patent.

### COUNT III – INFRINGEMENT OF THE '791 PATENT

29. Plaintiff TCS incorporates paragraphs 1-28 by reference as if fully set forth below.

30. Cassidian and/or Airbus DSC have infringed, directly, or indirectly by contributory infringement or inducement to infringe, one or more claims of the '791 patent through, among other activities, the manufacture, use, importation, sale and/or offer for sale of products, services, methods, and technology claimed in the '791 patent.  In particular, at least claim 1 is infringed by Cassidian's "ESC 1000 Controller" and associated hardware, software and services.  The claims of the '791 patent are either literally infringed and/or infringed under the doctrine of equivalents.  These actions by the defendants are in violation of 35 U.S.C. § 271.

31. Defendants' infringement has injured TCS and TCS is entitled to recover damages adequate to compensate it for such infringement, but in no even less than a reasonable royalty.

32. Defendants' infringement has injured and will continue to injure TCS, unless and until this Court enters an injunction prohibiting further infringement and, specifically, enjoining further manufacture, use, importation, offers for sale and/or sale of infringing products and services that fall within the scope of any of the claims of the '791 patent.

## COUNT IV – INFRINGEMENT OF THE '997 PATENT

33. Plaintiff TCS incorporates paragraphs 1-32 by reference as if fully set forth below.

34. Cassidian and/or Airbus DSC have infringed, directly, or indirectly by contributory infringement or inducement to infringe, one or more claims of the '997 patent through, among other activities, the manufacture, use, importation, sale and/or offer for sale of products, services, methods, and technology claimed in the '997 patent.  In particular, at least claim 1 is infringed by Cassidian's "Vesta/Sentinel 4" NG911 solution that provides Public Safety Answering Points ("PSAPs") with text to 9-1-1 capability.  The claims of the '997 patent

are either literally infringed and/or infringed under the doctrine of equivalents.  These actions by the defendants are in violation of 35 U.S.C. § 271.

35.     Defendants' infringement has injured TCS and TCS is entitled to recover damages adequate to compensate it for such infringement, but in no even less than a reasonable royalty.

36.     Defendants' infringement has injured and will continue to injure TCS, unless and until this Court enters an injunction prohibiting further infringement and, specifically, enjoining further manufacture, use, importation, offers for sale and/or sale of infringing products and services that fall within the scope of any of the claims of the '997 patent.

## COUNT V – INFRINGEMENT OF THE '184 PATENT

37.     Plaintiff TCS incorporates paragraphs 1-36 by reference as if fully set forth below.

38.     Cassidian and/or Airbus DSC have infringed, directly, or indirectly by contributory infringement or inducement to infringe, one or more claims of the '184 patent through, among other activities, the manufacture, use, importation, sale and/or offer for sale of products, services, methods, and technology claimed in the '184 patent.  In particular, at least claim 1 is infringed by Cassidian's "Vesta SMS" solution which provides PSAPs with text to 9-1-1 capability.  The claims of the '184 patent are either literally infringed and/or infringed under the doctrine of equivalents.  These actions by the defendants are in violation of 35 U.S.C. § 271.

39.     Defendants' infringement has injured TCS and TCS is entitled to recover damages adequate to compensate it for such infringement, but in no even less than a reasonable royalty.

40. Defendants' infringement has injured and will continue to injure TCS, unless and until this Court enters an injunction prohibiting further infringement and, specifically, enjoining further manufacture, use, importation, offers for sale and/or sale of infringing products and services that fall within the scope of any of the claims of the '184 patent.

## **PRAYER FOR RELIEF**

WHEREFORE, TCS prays for the following relief:

a. a judgment declaring that Defendants Cassidian and Airbus DSC infringe the '946 patent;

b. that this Court permanently enjoin Defendants and their officers, directors, agents, servants, affiliates, divisions, branches, subsidiaries, parents, licensees, successors, and assigns, and all persons acting in concert or privity with any of them, from infringement of the '946 patent;

c. a judgment declaring that Defendants Cassidian and Airbus DSC infringe the '950 patent;

d. that this Court permanently enjoin Defendants and their officers, directors, agents, servants, affiliates, divisions, branches, subsidiaries, parents, licensees, successors, and assigns, and all persons acting in concert or privity with any of them, from infringement of the '950 patent;

e. a judgment declaring that Defendants Cassidian and Airbus DSC infringe the '791 patent;

f. that this Court permanently enjoin Defendants and their officers, directors, agents, servants, affiliates, divisions, branches, subsidiaries, parents, licensees, successors, and assigns,

and all persons acting in concert or privity with any of them, from infringement of the '791 patent;

      g.      a judgment declaring that Defendants Cassidian and Airbus DSC infringe the '997 patent;

      h.      that this Court permanently enjoin Defendants and their officers, directors, agents, servants, affiliates, divisions, branches, subsidiaries, parents, licensees, successors, and assigns, and all persons acting in concert or privity with any of them, from infringement of the '997 patent;

      i.      a judgment declaring that Defendants Cassidian and Airbus DSC infringe the '184 patent;

      j.      that this Court permanently enjoin Defendants and their officers, directors, agents, servants, affiliates, divisions, branches, subsidiaries, parents, licensees, successors, and assigns, and all persons acting in concert or privity with any of them, from infringement of the '184 patent;

      k.      an award of damages, costs, expenses, pre-judgment interest, and post-judgment interest as to infringement of any one of the '946, '950, '791, '997, and '184 patents;

      l.      an order accounting for damages incurred by TCS;

      m.      an order declaring that this action is an exceptional case within the meaning of 35 U.S.C. § 285, and an award of reasonable attorneys' fees; and

      n.      such other relief to which it may be entitled in law or equity and which this Court deems to be just or proper.

## **JURY DEMAND**

TCS hereby demands a trial by jury.

Dated:  December 10, 2014                              Respectfully submitted,

*/s/ J. Thad Heartfield*
J. Thad Heartfield
Texas Bar No. 09346800
M. Dru Montgomery
Texas Bar No. 24010800
THE HEARTFIELD LAW FIRM
2195 Dowlen Rd
Beaumont, TX 77706
Tel: 409-866-3318
Fax: 409-866-5789
Email: thad@heartfieldlawfirm.com
Email: dru@heartfieldlawfirm.com

Edward A. Pennington (pro hac pending)
Siddhesh V. Pandit (pro hac pending)
Stephanie D. Scruggs (pro hac pending)
Smith, Gambrell & Russell, LLP
1055 Thomas Jefferson St. NW
Suite 400
Washington, D.C. 20007
Tel: 202-263-4300
Fax: 202-263-4329
Email: epennington@sgrlaw.com
Email: spandit@sgrlaw.com

*Attorneys for Plaintiff*
*TeleCommunication Systems Inc.*